IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER HOWARD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO.: 1:14-cv-1076-STA-jay |
| | § | |
| **MICHAEL DONAHUE, et al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

On March 22, 2016, the Court entered an order, *inter alia*, granting Defendants' motion for summary judgment. (ECF No. 47.) Judgment was entered in favor of Defendants on March 25, 2016. (ECF No. 48.) On May 17, 2021, more than five years later, Plaintiff sent a letter to the Clerk of Court asking about the disposition of the case (ECF No. 49); the Clerk promptly responded to Plaintiff's letter. (ECF No. 49-2.) Six months later, on November 15, 2021, Plaintiff filed a motion for relief from judgment stating that he did not receive the order on the motion for summary judgment or the judgment itself when they were originally entered. (ECF No. 50.) Plaintiff has offered no reason or explanation for his failure to timely determine the status of his case and then to timely file his motion.

Federal Rule of Civil Procedure 60(b) allows a motion to be filed to relieve a party "from a final judgment, order, or proceeding." A court may grant a Rule 60(b) motion "for the following reasons":

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released,

      or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).[1] The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *See McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

      In the present case, Plaintiff has not met his burden. He has not identified any reason that he could not have inquired about his lawsuit in a timely manner. The Sixth Circuit has explained that the "moving party must articulate a reasonable basis for delay." *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014). *See also Clark v. Lafayette Place Lofts*, 2018 WL 5839634, at *1 (E.D. Mich. Nov. 8, 2018) ("More than two years passed between that decision and the filing of Plaintiff's pending motion and thus it is untimely to the extent he relies on Rule 60(b)(1)-(3). The Court concludes that this delay was not reasonable to the extent he relies on Rule 60(b)(6).") Plaintiff did not file his motion within a reasonable time. Furthermore, Plaintiff has not identified any exceptional circumstances that would warrant granting relief under Rule 60(b)(6). Accordingly, the motion for relief from judgment is **DENIED**.

      **IT IS SO ORDERED**.

                                      s/ S. Thomas Anderson
                                      S. THOMAS ANDERSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

                                      Date: November 16, 2021

---

[1] Plaintiff's motion was clearly filed beyond the time for filing a motion under Fed. R. Civ. P. 59 (stating that a motion "must be filed no later than 28 days after the entry of the judgment").